CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
JAN 31 2011
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CALVIN COOLIDGE HAIRSTON, JR., )<br>Plaintiff, )<br>)<br>v. )<br>)<br>JOAN ZIGLAR, et al., )<br>Defendants. ) | Civil Action No. 7:11-cv-00031<br><br>**MEMORANDUM OPINION**<br><br>By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Calvin Coolidge Hairston, Jr., a Virginia inmate proceeding pro se, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names as defendants Joan Zigler, Commonwealth's Attorney for the City of Martinsville, and Marshall Thomas, a Martinsville City Police Officer. Plaintiff complains that the defendants seized his car, its contents, and currency and will not tell him where they are located. This matter is before me for screening, pursuant to 28 U.S.C. § 1915A. After reviewing plaintiff's submissions, I dismiss the complaint without prejudice for failing to state a claim upon which relief may be granted.

I.

Plaintiff alleges the following facts in his verified complaint and attachments. On September 2, 2009, defendant Thomas seized plaintiff's Mercury Sable and $100. Plaintiff was mailed a notice of the proceedings about the seized property. Plaintiff was subsequently charged in state court with three narcotics charges. Plaintiff was served with the charges in December 2009, but the charges were dropped in May 2010. However, the United States instituted criminal proceedings against plaintiff, and plaintiff subsequently pleaded guilty to one charge, possession with the intent to distribute a Schedule II narcotic. Plaintiff complains that the seized property was never transferred to him or the United States Marshal. Plaintiff requests as relief $2,000 in

compensatory damages for the car, the tools that were in the car when it was seized, and the seized cash.

Plaintiff attached to his complaint a state court "Order of Forfeiture" dated March 10, 2010, and bearing the verification of the Clerk of the Circuit Court of the City of Martinsville. The Order states in pertinent part that the matter:

> [C]ame to be heard upon the Information and Notice to Appear filed by Joan Ziglar, Commonwealth's Attorney for the City of Martinsville, Virginia, on behalf of the Commonwealth of Virginia, requiring that Calvin Coolidge Hairston, Jr. appear and show cause why [his car and $100] should not be forfeited to the Commonwealth . . . pursuant to the provisions of [Va. Code] Sections 19.2-386.22 et seq. . . . "

(Pl.'s V.S. (no. 2) 2.) The order further recites that the property was "duly seized pursuant to [Va. Code §] 19.2-386.22 . . . because the [car and cash] w[ere] used in substantial connection with the illegal sale of cocaine[.]" (Id. 3.) The order noted that plaintiff was "duly served with process" and failed to oppose the seizure. Thus, the Circuit Court for the City of Martinsville ordered that plaintiff's car and cash be forfeited to the Commonwealth of Virginia.

II.

I must dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting the plaintiff's factual

allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, the plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

However, determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1950 (May 18, 2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although I liberally construe pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).

Res judicata prevents claims between parties that have already been litigated or could have been litigated in a matter that has been adjudicated on the merits from being raised again in a subsequent action. See Guinness PLC v. Ward, 955 F.2d 875, 893-94 (4th Cir. 1992) (citing multiple Supreme Court and Fourth Circuit cases defining res judicata). Res judicata requires a

3

final judgment on the merits in an earlier suit, an identity of the cause of action in both the earlier and the later suit, and an identity of parties or their privies in the two suits. Nash County Bd. of Education v. Biltmore Co., 640 F.2d 484, 486 (4th Cir. 1981). Whether claims are identical depends on whether the new claim arises out of same "transaction" or series of transactions as the claim resolved by the prior judgment. Harnett v. Billman, 800 F.2d 1308, 1313 (4th Cir. 1986). The term "transaction" for res judicata "connotes a natural grouping or common nucleus" of operative facts. Among the factors to be considered in deciding whether the facts of the current and prior claims are so woven together that they constitute a single claim are their relatedness in time, space, origin, or motivation, and whether, taken together, they form a convenient unit for trial purposes." Pittston Co. v. United States, 199 F.3d 694, 704 (4th Cir. 1999). See Bouchat v. Bon-ton Dep't Stores Inc., 560 F.3d 315 (4th Cir. 2007) (copyright owner's claims in two infringement suits were identical for res judicata even though actual damages were sought only in second suit).

It is clear that plaintiff is attempting to invalidate the state court's Order of Forfeiture for his property. The Full Faith and Credit Statute, 28 U.S.C. § 1738, provides that judgments of state courts, "shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken." Therefore, I must afford the state court's decision in plaintiff's civil forfeiture proceeding the same preclusive effects that the order would enjoy in state court. Plaintiff's complaints in this action could and should have been raised in the prior state-court proceeding. Plaintiff neither challenged the forfeiture action nor appealed the state-court judgment, but he now seeks to pursue an improper collateral attack on it in federal court. Plaintiff's submissions reveal that a

4

state court of competent jurisdiction entered a final judgment on the merits involving the same parties, plaintiff and the Commonwealth's Attorney and a police officer on behalf of the Commonwealth of Virginia. The same cause of action is involved to the extent that plaintiff is now challenging the results of the same transaction already resolved in state court. Accordingly, plaintiff's present complaint is barred by res judicata, and I dismiss it without prejudice for failing to state a claim upon which relief may be granted.

III.

For the foregoing reasons, I dismiss the complaint without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1), and plaintiff's motion to proceed in forma pauperis is denied as moot.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

**ENTER**: This 31st day of January, 2011.

Senior United States District Judge